**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**TERRY L. O'BRIANT**,                                                              **Plaintiff**

v.                                                **Civil Action No. 1:05CV178-EMB**

**JO ANNE B. BARNHART,**
**Commissioner of**
**Social Security,**                                                     **Defendant**

## MEMORANDUM OPINION

Plaintiff, Terry L. O'Briant, seeks judicial review pursuant to Section 405(g) of the Social Security Act (the "Act") of an unfavorable final decision of the Commissioner of Social Security Administration (the "Commissioner"), regarding his claim for Supplemental Security Income ("SSI") benefits under Title XVI. The parties in this case have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit.

**Procedural History**

Plaintiff filed an application for SSI benefits on September 4, 2002, alleging a disability onset date of October 1, 2001, later amended to April 20, 2002. (Tr. 42, 104-06). The application was denied initially and on reconsideration. (Tr. 74-86).

In a hearing decision dated December 16, 2004, an administrative law judge ("ALJ") found plaintiff was not disabled as defined in the Act. (Tr. 24-33). Later, on May 7, 2005, the Appeals Council denied plaintiff's request for review of that hearing decision. (Tr. 12-14). Then, on July 14, 2005, the Appeals Council notified plaintiff that despite having received more evidence, it found no reason to reopen and change the ALJ's decision. (Tr. 5-11). As such, the ALJ's hearing decision became perfected as the final decision of the Commissioner. The ALJ's

final hearing decision is now ripe for review under section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**Facts**

Plaintiff was born September 14, 1958, and was 46 years old at the time of the hearing decision on December 16, 2004. (Tr. 104, 33). He completed the ninth grade. (Tr. 38). Plaintiff previously worked as a self-employed logger and a county road maintenance worker. (Tr. 119). He was six-feet and three inches tall and weighed 150 pounds. (Tr. 117). Plaintiff alleged he could no longer work due to back pain, leg pain and arm pain. (Tr. 118).

After review and evaluation of the evidence, the ALJ found plaintiff not disabled. (Tr. 24-33). The ALJ found plaintiff had the residual functional capacity ("RFC") to perform a range of light work activity; could occasionally perform certain postural activities; could not perform forceful gripping or grasping; and could frequently use his right, dominant hand but only occasionally use his left, non-dominant hand.[1] (Tr. 30)

**Standard of Review**

This Court reviews the Commissioner's/ALJ's decision only to determine whether it is supported by "substantial evidence" on the record as a whole and whether the proper legal standards were applied.[2] *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). "Substantial

---

[1] "Light work involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, [plaintiff] must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. §§ 404.1567(b), 416.967(b).

[2] Pages 248-258, containing a portion of the medical evidence in this case, were omitted from the transcript supplied to the court. However, a summary of the medical evidence and the ALJ's findings and conclusions are clearly enunciated in the remaining pages and in the briefs of

2

evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (citing *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971)).  Furthermore, in applying the substantial evidence standard, this Court scrutinizes the record to determine whether such evidence is present.  This Court will not re-weigh the evidence, try the issues *de novo*, or substitute its judgment for that of the Commissioner.  *Id.*, citing *Haywood v. Sullivan*, 888 F.2d 1463, 1466 (5th Cir. 1989); *see also Myers v. Apfel*, 238 F.3d 617, 619 (5th Cir. 2001).

**Law**

To be considered disabled and eligible for benefits, plaintiff must show that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Commissioner has promulgated regulations that provide procedures for evaluating a claim and determining disability.  20 C.F.R. §§ 404.1501 to 404.1599 & Appendices, §§ 416.901 to 416.998 1995.  The regulations include a five-step evaluation process for determining whether an impairment prevents a person from engaging in any substantial gainful activity.[3]  *Id.*  §§ 404.1520, 416.920; *Greenspan v. Shalala*, 38 F.3d 232, 236

---

the parties.  Remand is not required automatically when the transcript before the court, although incomplete, is nevertheless sufficient to permit meaningful review.  *See Harrison v. PPG Industries, Inc.*, 446 U.S. 578, 594, 100 S.Ct. 1889, 64 L.Ed.2d 525 (1980); *Torres v. Shalala*, 48 F.3d 887 (5th Cir.1995) (remand need not be ordered when evidence is missing but there is still ample evidence from which a determination may be made); *Brady v. Apfel*, 41 F.Supp.2d 659, 667-8 (E.D.Tex.1999) (remand not required where missing documents are immaterial to ALJ's decision).  Because no party disputes the ALJ's summary of the medical evidence in this case judicial review has not been hindered.

[3]  The five-step analysis requires consideration of the following:

First, if the claimant is currently engaged in substantial gainful employment, he or

(5th Cir. 1994); *Moore v. Sullivan*, 895 F.2d 1065, 1068 (5th Cir. 1990). The five-step inquiry terminates if the Commissioner finds at any step that the claimant is or is not disabled. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995).

The claimant has the burden of proof under the first four parts of the inquiry. *Id*. If he successfully carries this burden, the burden shifts to the Commissioner to show that other substantial gainful employment is available in the national economy, which the claimant is capable of performing. *Greenspan*, 38 F.3d at 236; *Kraemer v. Sullivan*, 885 F.2d 206, 208 (5th Cir.1989). When the Commissioner shows that the claimant is capable of engaging in alternative

---

she is found not disabled. 20 C.F.R. §§ 404.1520(b), 416.920(b).

Second, if it is determined that, although the claimant is not engaged in substantial employment, he or she has no severe mental or physical impairment which would limit the ability to perform basic work-related functions, the claimant is found not disabled. *Id*. §§ 404.1520(c), 416.920(c).

Third, if an individual's impairment has lasted or can be expected to last for a continuous period of twelve months and is either included in a list of serious impairments in the regulations or is medically equivalent to a listed impairment, he or she is considered disabled without consideration of vocational evidence. *Id*. §§ 404.1520(d), 416.920(d).

Fourth, if a determination of disabled or not disabled cannot be made by these steps and the claimant has a severe impairment, the claimant's residual functional capacity and its effect on the claimant's past relevant work are evaluated. If the impairment does not prohibit the claimant from returning to his or her former employment, the claimant is not disabled. *Id*. §§ 404.1520(e), 416.920(e).

Fifth, if it is determined that the claimant cannot return to his or her former employment, then the claimant's age, education and work experience are considered to see whether he or she can meet the physical and mental demands of a significant number of jobs in the national economy. If the claimant cannot meet the demands, he or she will be found disabled. *Id*. §§ 404.1520(f)(1), 416.920(f)(1). To assist the Commissioner at this stage, the regulations provide certain tables that reflect major functional and vocational patterns. When the findings made with respect to claimant's vocational factors and residual functional capacity coincide, the rules direct a determination of disabled or not disabled. *Id*. § 404, Subpt. P, App. 2, §§ 200.00-204.00, 416.969 (1994)("Medical-Vocational Guidelines").

4

employment, "the ultimate burden of persuasion shifts back to the claimant," *Id*.; *accord Selders*, 914 F.2d at 618.

The Court "weigh[s] four elements of proof when determining whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) the claimant's subjective evidence of pain and disability; and (4) his age, education, and work history," *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995). "The Commissioner, rather than the courts, must resolve conflicts in the evidence." *Id*.

**Analysis**

Plaintiff asserts three issues for this appeal:

> 1. The Commissioner failed to articulate good cause for discrediting the opinion of Charles A. Ozborn, M.D., plaintiff's long-time treating physician, and erred in failing to recontact him for clarification of his opinion;
> 2. The Commissioner's RFC assessment as to the extent of plaintiff's manipulative limitations is not supported by substantial evidence because it is arbitrary and has no basis in the record;
> 3. The Appeals Council erred in failing to remand plaintiff's case for additional consideration, despite receiving additional evidence from Dr. Ozborn clarifying that plaintiff's limitations in 2002 were based on his inflammatory arthritis.

Plaintiff's Brief at p. 2.

As an initial matter, the Commissioner's Response fails to adequately address each issue raised in plaintiff's Brief. Indeed, in her Response, the Commissioner addresses issues that were not raised by plaintiff and that are not in dispute on this appeal. *See* Defendant's Response at pp. 17-20. As such, the Court will only consider the issues raised in plaintiff's Brief.

In his written opinion, the ALJ concluded plaintiff was not disabled under governing rules. (Tr. 24-33). Following the sequential analysis framework, the ALJ found plaintiff carried his evidentiary burden through Step 4, and proved that he suffered from severe impairments, including arthritis, osteopenia and osteoarthritis, which prevented him from engaging in his past

relevant work. (Tr. 32). However, the ALJ concluded at Step 5 that plaintiff was capable of performing work that existed in significant numbers in the national economy. *Id.* Specifically --and relying on expert vocational testimony–the ALJ concluded plaintiff could perform certain jobs rated as sedentary work: driller, press clippings cutter and paster and stringing machine tender. (Tr. 64-66).[4] The ALJ therefore concluded that plaintiff was not disabled and was therefore ineligible for benefits.

In reaching this conclusion, the ALJ specifically rejected the contrary opinion of plaintiff's treating physician, Charles A. Ozborn, M.D., who considered plaintiff totally disabled. (Tr. 222-228). The ALJ indicated that he rejected this opinion because it included limitations based on both plaintiff's pancreatitis and arthritis. (Tr. 29). Both plaintiff's testimony and Dr. Ozborn's own records established that plaintiff's pancreatitis had resolved. (Tr. 48, 240).

After plaintiff's Request for Review of the ALJ's decision had been denied, on May 20, 2005, plaintiff's counsel submitted a letter to the Appeals Council wherein he argued that new evidence showed the ALJ's stated reason for rejecting Dr. Ozborn's opinion was no longer valid. Plaintiff's counsel had obtained a "Clarification Questionnaire" completed by Dr. Ozborn that purported to clarify that his October 28, 2002 Medical Source Statement referred mainly to limitations resulting from plaintiff's arthritis as opposed to his pancreatitis. (Tr. 10-11). However, in a notice dated July 14, 2005, the Appeals Council explained that it found no reason under its rules to reopen and change the ALJ's determination. (Tr. 5). Specifically, it was noted that though the new evidence provided a diagnosis of rheumatoid arthritis, it did not indicate a

---

[4] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. . . . Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. § 404.1567(a).

significant worsening of the claimant's condition. *Id.*

The Court agrees with plaintiff that the Appeals Council's stated reason reveals that it did not adequately consider the new evidence. Dr. Ozborn's clarification statement was signed and submitted after the ALJ issued his decision. This assessment, *if* credible, cured the deficiency noted by the ALJ. That is, instead of being based upon an impairment that no longer existed, Dr. Ozborn's opinion regarding plaintiff's limitations was based exclusively upon plaintiff's severe arthritis impairment. And, Dr. Ozborn's analysis of plaintiff's ability to perform work activities may have been crucial to assessing plaintiff's RFC.

The Commissioner's regulations and governing circuit precedent both postulate that a treating physician's medical opinion is entitled to great deference. The Commissioner even requires that a treating physician's opinion as to the nature and severity of a patient's impairment be given controlling weight if it is "well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with . . . other substantial evidence." 20 C.F.R. § 404.1527(d)(2) (2002); SSR 96-2p, 61 F.R. 34490, 34491 (July 2, 1996). Likewise, the Fifth Circuit similarly holds that "'ordinarily the opinions, diagnoses, and medical evidence of a treating physician . . . [are] accorded considerable weight in determining disability.'" *Scott v. Heckler*, 770 F.2d 482, 485 (5th Cir.1985) (citing *Barajas v. Heckler*, 738 F.2d 641, 644 (5th Cir.1984); *see also Myers v. Apfel*, 238 F.3d 617, 621 (5th Cir. 2001) (citing *Greenspan* v. *Shalala,* 38 F.3d 232, 237 (5th Cir. 1994) (internal citations omitted)); *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir.2000); *Leggett v. Chater*, 67 F.3d at 566.

The Fifth Circuit allows an ALJ to reject or discount the weight of a treating physician's opinion only when "good cause" is shown. *See Myers*, 238 F.3d at 621; *Newton*, 209 F.3d at 455-56; *Greenspan*, 38 F.3d at 237; *Moore*, 919 F.2d at 905. Good cause may exist when physician statements are conclusory and brief; when statements are unsupported by medically

7

acceptable clinical, laboratory, or diagnostic techniques; otherwise unsupported by the evidence; or when the treating physician is not credible because (s)he is "leaning over backwards to support the application for disability benefits." *Scott v. Heckler*, 770 F.2d 482, 485 (5th Cir. 1985); *see also Myers*, 238 F.3d at 621 (citing *Greenspan*, 38 F.3d at 237); *Newton*, 209 F.3d at 456.

When an adjudicator does not assign controlling weight to the opinion of the treating physician, regulations require articulation of reasons therefor. 20 C.F.R. § 404.1527(d)(2) (2002); *see also Myers*, 238 F.3d at 621. Failure to give great weight to the treating physician's opinion absent good cause for rejecting it constitutes disregard of applicable principles of law. *Newton*, 209 F.3d at 455-6.

In this case the ALJ had no initial opportunity to consider Dr. Ozborn's clarification statement. Thus, plaintiff can show no error on the ALJ's part with respect to weighing the treating physician's opinion, and Issue One is without merit. However, plaintiff does have a sufficient basis to argue that the Appeals Council, which had the new evidence before it, was therefore required to consider and evaluate it, and was further required to give great weight to Dr. Ozborn's opinion absent a showing of good cause. The Appeals Council did not return the case to the ALJ for a reevaluation of the amount of weight to assign to Dr. Ozborn's opinion in light of his clarification statement. And, it is not the role of this Court to determine the credibility of the new evidence. Thus, the result is that the Commissioner has rejected a treating physician's opinion without a showing good cause. Therefore, the Commissioner has failed to apply proper principles of law.

Because plaintiff is entitled to remand based on the Commissioner's failure to show good cause for rejecting the treating physician's opinion, or, alternatively, for failing to consider the entire record, it is not necessary to address plaintiff's remaining point of error. For this reason, the decision of the Commissioner should be reversed and remanded for further proceedings

including, but not limited to, a re-evaluation of Dr. Ozborn's medical opinion in light of the new evidence. A judgment consistent with this opinion will issue separately.

**THIS** 27th day of September, 2006.

                                                  **/s/ Eugene M. Bogen**
                                                  **UNITED STATES MAGISTRATE JUDGE**